UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JAN 8 - 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| INTERNATIONAL PAINTERS & ALLIED TRADES INDUSTRY PENSION FUND, <br><br> Plaintiff, <br><br> v. <br><br> NEWBURGH GLASS AND GLAZING, LLC <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) )  Civ. Action No. 06-1440 (RJL) |

## MEMORANDUM OPINION
(January 6, 2007) [#6]

Plaintiff, International Painters and Allied Trades Industry Pension Fund ("Fund"), is an "employee pension benefit plan" as defined in § 3(2)(A)(i) of the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. § 1002(2)(A)(i). Plaintiff has brought this action against defendants Newburgh Glass and Glazing, LLC, ("Newburgh"), seeking to collect employer contributions owed to the Fund by defendant. This matter is now before the Court on plaintiff's Motion for Entry of Default Judgment. Upon due consideration of the materials before the Court and the entire record herein, plaintiff's Motion is GRANTED.

## ANALYSIS

Plaintiff filed the Complaint in this matter on August 16, 2006. Defendants were duly served, but they have failed to file a responsive pleading. As a result, the Clerk of the Court



entered its default against defendants on September 25, 2006. Plaintiff now moves this Court to enter a default judgment against the defendants pursuant to Federal Rule of Civil Procedure 55(b)(2).

A court is empowered to enter a default judgment against a defendant who fails to defend its case. *Keegel v. Key W. & Caribbean Trading Co.*, 627 F.2d 372, 375 (D.C. Cir. 1980). Rule 55(b)(2) authorizes the Court to enter a default judgment against the defendant for the amount claimed plus costs. While modern courts do not favor default judgments, they are certainly available "when the adversary process has been halted because of an essentially unresponsive party." *Jackson v. Beech*, 636 F.2d 831, 835-36 (D.C. Cir. 1980).

A default judgment establishes the defaulting party's liability for every well-pled allegation in the complaint. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). A default judgment, however, does not automatically establish liability in the amount claimed by the plaintiff. *Shepherd v. Am. Broad. Cos., Inc.*, 862 F. Supp. 486, 491 (D.D.C. 1994), *vacated on other grounds*, 62 F.3d 1469 (D.C. Cir. 1995). "[U]nless the amount of damages is certain, the court is required to make an independent determination of the sum to be awarded." *Adkins*, 180 F. Supp. 2d at 17; *see also Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (noting that the court may conduct a hearing on the issue of damages pursuant to Federal Rule of Civil Procedure 55(b)(2), but it need not do so if there is "a basis for the damages specified in the default judgment").

The first issue before the Court in this case is the amount of damages owed by defendants to plaintiff. Plaintiff seeks damages in the amount of $53,097.42. (Pl.'s Mot. Entry Default J. at 1.) In support of this figure, plaintiff has submitted affidavits from Thomas C. Montemore, Assistant to the Fund Administrator (*see* Pl.'s Ex. 1[1]), and Kent Cprek, counsel of record to plaintiff (*see* Pl.'s Ex. 2), each setting forth with specificity the calculations used to reach this amount. The damage figure provided by plaintiff is based on contributions that defendants failed to submit for work performed pursuant to the collective bargaining agreement with "one or more local labor unions or district councils affiliated with the International Union of Painters and Allied Trades, AFL-CIO, CLC," (Compl. ¶ 6), as well as interest, fees, and costs that the plaintiff is entitled to collect under ERISA. (Pl.'s Ex. 1 ¶¶ 6-8).

Based upon these affidavits, and the entire record herein, the Court agrees with the damage calculations submitted by the plaintiff. Accordingly, the Court concludes that the following damages should be paid to plaintiff:

- $40,093.80 for unpaid contributions payable to the Fund for the period February 2006 through August 2006;

- $975.40 for interest payable on unpaid pension contributions, calculated at "the fluctuating IRS interest rate" as set forth in the International Painters and Allied Trades Industry Pension Plan (attached to Compl. as Ex. 2);

- $8,018.76 for liquidated damages, which is 20 percent of the total amount owed the Fund for unpaid contributions or contributions paid late, pursuant to 29 U.S.C. § 1132(g)(2);

---

[1] All citations to "Pl.'s Ex. X" refer to exhibits attached to plaintiff's Motion for Entry of Default Judgment.

- $4,009.46 for attorney's fees incurred through September 25, 2006.

The second issue before the Court is the injunctive relief that plaintiffs request. Plaintiff asks that defendants be "restrained and enjoined from refusing to file complete, proper and timely remittance reports with the accompanying contributions and dues for all periods Defendants are obligated to do so under the collective bargaining agreement(s)." (Pl.'s Proposed Default J. ¶ 2). Among the powers that Congress delegated to district courts in ERISA actions involving delinquent contributions is not only the power to award the plan, *inter alia*, unpaid contributions, interest on unpaid contributions, liquidated damages, reasonable attorney's fees, and/or litigation costs, *see* 29 U.S.C. § 1132(g)(2)(A)-(D), but the broad discretionary power to award fiduciary plaintiffs "such other legal or equitable relief as the court deems appropriate," 29 U.S.C. § 1132(g)(2)(E). Having evaluated the relevant law and examined the declarations and other submissions provided by the plaintiffs in conjunction with their Motion, the Court concludes that plaintiffs' requested relief is in fact appropriate. Thus, pursuant to the discretionary authority granted it under 29 U.S.C. § 1132(g)(2)(E), the Court GRANTS this aspect of plaintiffs' requested relief.[2]

---

[2]    While the Court grants this aspect of plaintiff's requested relief, the Order accompanying this Memorandum Opinion will do so by requiring defendants to comply with its contractual and statutory obligations to the Fund, instead of prohibiting defendants from *not* complying with those obligations.

4

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's Motion for Default Judgment.[3]  An order consistent with this Memorandum Opinion is separately and contemporaneously issued herewith.

_RICHARD J. LEON_
RICHARD J. LEON
United States District Judge

---

[3]    Plaintiff's Motion also contends that plaintiff is entitled to reimbursement of all attorney's fees and costs that may be incurred in connection with the enforcement and collection of any judgment entered by this Court. (Pl.'s Mem. in Supp. of Mot. Entry Default J. at 3.)  Because plaintiff has yet to incur such costs, the Court will defer granting this aspect of plaintiff's requested relief.